IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS A. RODGERS,                          CASE NO.:

     Plaintiff,

vs.

DISCOVER FINANCIAL SERVICES, LLC,      DEMAND FOR JURY TRIAL

     Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW,** Plaintiff, THOMAS A. RODGERS (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, DISCOVER FINANCIAL SERVICES, LLC (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violation of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Venue is proper in this District because the phone calls were received in this District and Defendant transacts business in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual residing in Pinellas County, Florida.

5. Jurisdiction and venue are proper in the Court under 47 U.S.C. § 227(b)(3).

6. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

7. It is alleged by Defendant that Plaintiff owes a debt to Defendant.

8. In July, 2014, Plaintiff received a telephone call to his cellular telephone from Defendant to collect a debt. During the telephone call, Plaintiff advised Defendant to stop calling his cellular telephone.

9. Plaintiff also advised Defendant that he was represented by undersigned counsel and provided undersigned counsel's name and contact information.

10. Plaintiff revoked any prior express consent to contact Plaintiff via cellular telephone or any other form of communication in July, 2014, when Plaintiff verbally advised Defendant to stop calling his cellular telephone.

11. Plaintiff continuously advised Defendant to stop calling his cellular telephone and directed Defendant to contact his attorney and provided contact information for undersigned counsel.

12. Plaintiff's cellular telephone number ends in -4291.

13. Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls, and after Plaintiff withdrew any prior consent or permission to be contacted.

14. Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and was provided, on multiple occasions, with the Firm's contact information.

15. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times as stated on Plaintiff's call logs attached as Exhibit "A."

16. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

17. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

18. Some of the voicemail messages received by Plaintiff on his cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

19. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

20. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

21. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

22. Plaintiff incorporates all allegations in paragraphs 1-21 as if stated fully herein.

23. Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

24. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

25. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

26. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, THOMAS A. RODGERS, demands judgment against Defendant, DISCOVER FINANCIAL SERVICES, LLC, for the following relief:

    a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after July, 2014;

    b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c. any other relief the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

*[REMAINDER INTENTIONALLY LEFT BLANK]*

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
THOMAS A. RODGERS

STATE OF FLORIDA

COUNTY OF PINELLAS

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this 30th day of August, 2016, by THOMAS A. RODGERS who is personally known to me or who produced _____ as identification and who did take an oath.

Notary Public State of Florida
Andrea D Abercrombie
My Commission GG 002169
Expires 07/31/2020

_____
Signature of Notary Public
Print, type/Stamp Name of Notary

Dated: September 2, 2016

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**

Page 5 of 5